UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMMAD QADEER and
RIFFAT MALIK,

        Plaintiffs,

                                    Case No. 12-14310

v.                                     Honorable David M. Lawson

BANK OF AMERICA, N.A.,

        Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND ALLOWING PLAINTIFFS TO FILE A MOTION TO AMEND THE COMPLAINT

Plaintiffs Mohammed Qadeer and Riffat Malik have filed an action against the defendant challenging the legality of a foreclosure of the mortgage on the plaintiffs' home in Dearborn, Michigan. Presently before the Court is the defendant's motion to dismiss. The plaintiffs have filed a response and the defendant has replied. The Court has reviewed the pleadings and motion papers and finds that the papers adequately set forth the relevant facts and law and oral argument will not aid in the disposition of the motion. Therefore, it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(f)(2). The hearing previously scheduled for February 5, 2013 is **CANCELLED**. The Court finds that the complaint fails to state a claim upon which relief can be granted. The Court will dismiss the complaint and allow the plaintiffs a limited period of time to file a motion to amend the complaint.

I.

The facts of the case are taken from the complaint and the documents attached to and referenced therein. On July 24, 2009, the plaintiffs signed a mortgage on their property at 7811 Kentucky Street, in Dearborn, Michigan. The principal amount of the mortgage was $88,215, and

the interest rate was fixed at five percent. The initial monthly payment of principal and interest was $697.60. The plaintiffs acknowledge that they "ran into financial trouble and the defendants [sic] began foreclosure proceedings." Compl. ¶ 9. The plaintiffs do not appear to dispute that they defaulted on their mortgage payments, although they make no specific allegations on that point.

On July 20, 2012, the defendant sent the plaintiffs a notice of default, advising the plaintiffs that they owed $21,437.80 in past due payments on the mortgage. The notice stated that the plaintiffs had the right under Michigan Compiled Laws § 600.3205a to request a meeting either with the mortgage holder or a housing counselor to request a loan modification. The plaintiffs do not allege in their complaint that they contacted a housing counselor or requested a meeting with the lender, but they do assert that the plaintiffs "can show that [they] could afford a modified mortgage," and the defendant "improperly rejected the plaintiff's mortgage modification request." Compl. ¶ 11. The plaintiffs allege that they "demanded that the defendant comply with applicable Michigan law regarding mortgage foreclosure," but "the defendant failed and refused to negotiate with the plaintiffs in good faith in an attempt to work out a mortgage modification." Compl. ¶ 10, 13. No foreclosure sale has occurred yet.

The plaintiffs filed their complaint in the Wayne County, Michigan circuit court on September 18, 2012. On September 27, 2012, the defendant filed its notice of removal, after which it filed its motion to dismiss. The complaint contains five counts alleging: violation of the federal Truth in Lending Act (count I); violation of the Michigan mortgage modification law (count II); fraudulent misrepresentation (count III); negligent misrepresentation (count IV); and a count entitled "injunctive relief" (count V). In the various counts, the plaintiffs ask that the Court (1) order the defendant to disgorge all interest payments; (2) "[r]eform the Note and Mortgage to reflect a fair and

-2-

equitable bargain"; (3) award compensatory and exemplary damages; (4) award costs, attorney fees, and interest; and (5) enjoin or rescind the sheriff's sale.

The defendant has moved to dismiss all the counts under Federal Rule of Civil Procedure 12(b)(6), arguing in addition that the fraud allegations are insufficient under Rule 9(b).

## II.

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (citing *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)).  Under Rule 12(b)(6), the complaint is viewed in the light most favorable to the plaintiff, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of the plaintiff.  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  "[A] judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations."  *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228-29 (6th Cir. 1997) (quoting *Columbia Nat'l Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Tatum*, 58 F.3d at 1109; *Tackett v. M & G Polymers, USA, L.L.C.*, 561 F.3d 478, 488 (6th Cir. 2009).  "To survive a motion to dismiss, [a plaintiff] must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007).  Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief.  *Ashcroft v. Iqbal*, [556 U.S. 662, 678] (2009). "*Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010).  "Where a complaint pleads facts that are

'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Under the new regime ushered in by *Twombly* and *Iqbal*, pleaded facts must be accepted by the reviewing court but conclusions may not be unless they are plausibly supported by the pleaded facts. "[B]are assertions," such as those that "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, can provide context to the factual allegations, but are insufficient to state a claim for relief and must be disregarded. *Iqbal*, 556 U.S. at 681 (quoting *Twombly*, 550 U.S. at 555). However, as long as a court can "'draw the reasonable inference that the defendant is liable for the misconduct alleged,' a plaintiff's claims must survive a motion to dismiss." *Fabian*, 628 F.3d at 281 (quoting *Iqbal*, 556 U.S. at 678).

Consideration of a motion to dismiss under Rule 12(b)(6) is confined to the pleadings. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). Assessment of the facial sufficiency of the complaint ordinarily must be undertaken without resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). However, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); *see also Koubriti v. Convertino*, 593 F.3d 459, 463 n.1 (6th Cir. 2010). Even if a document is not attached to a complaint or answer, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr.*, 508 F.3d at 335-36. If the plaintiff does not directly refer to a document in the pleadings, but that document governs the plaintiff's rights and is necessarily incorporated by reference, then the motion need not be converted to one for summary

judgment. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (holding that plan documents could be considered without converting the motion to one for summary judgment even though the complaint referred only to the "plan" and not its associated documents). In addition, "a court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Northville Downs v. Granholm*, 622 F.3d 579 (6th Cir. 2010) (citing *Commercial Money Ctr., Inc.*, 508 F.3d at 335-336).

### A. Count I — Violation of the Truth in Lending Act

The plaintiffs allege that the defendant violated the Truth in Lending Act (TILA) and section 1413 of the Dodd-Frank Act by engaging in a pattern or practice of lending money to borrowers without regard to their ability to repay the loan. The defendant argues that this claim is barred by TILA's one-year statute of limitations. 15 U.S.C. § 1640 (2010).

The Truth in Lending Act, Pub. L. No. 90-321, 82 Stat. 146 (codified as amended at 15 U.S.C. § 1601 *et seq.*), "was enacted to promote the informed use of credit by consumers by requiring meaningful disclosure of credit terms." *Barrett v. JP Morgan Chase Bank, N.A.*, 445 F.3d 874, 875 (6th Cir. 2006) (quotation marks omitted). The Act has a dual purpose: "to facilitate the consumer's acquisition of the best credit terms available; and to protect the consumer from divergent and at times fraudulent practices stemming from the uninformed use of credit." *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1040 (6th Cir. 1984) (citing *Mourning v. Family Publ'ns Serv., Inc.*, 411 U.S. 356, 363 (1973)). Consistent with this purpose, the Act gives a borrower the right to rescind a loan secured by the borrower's principal dwelling within three business days of the transaction. 15 U.S.C. § 1635(a). Alternatively, the Act allows an action for damages, including "actual

damages," statutory damages in the amount of "not less than $400 or greater than $4,000," and costs and attorney's fees. *See* 15 U.S.C. § 1640(a)(1)-(3).

TILA originally made no mention of an obligation that lenders must consider a borrower's ability to pay before making a loan. That requirement was added in 1994 by the Home Ownership Equity Protection Act (HOEPA). "HOEPA was passed in 1994 as an amendment to the Truth in Lending Act and establishes disclosure requirements and rules to govern 'alternative mortgages' that require high rates or fees. HOEPA applies only to second or subordinate residential mortgages with specified annual percentage rates or fees. *See* 15 U.S.C. § 1602(bb)(1) [former 15 U.S.C. § 1602(aa)(1)]" *Sanchez v. OneWest Bank, FSB*, No. 11-6820, 2012 WL 2929749, *4 (N.D. Ill. July 18, 2012) (citations omitted). "Congress enacted HOEPA in 1994 to force the High Cost Mortgage market to police itself." *Booker v. Wells Fargo Home Mortgage, Inc.*, 138 F. App'x 728, 729 (2005) (quotation marks omitted). "However, HOEPA does not apply to, inter alia, 'residential mortgage transactions.' 15 U.S.C. §§ 1602(aa)(1), 1639(a)(1)." *Ibid.* "Further, even if a loan is of the type governed by HOEPA, it is not subject to the Act's disclosure requirements unless it also features either: (a) a sufficiently high annual percentage rate ('APR'); or (b) points and fees payable at or before closing exceeding the greater of eight percent of 'the total loan amount' or $400.00. *See* 15 U.S.C. §§ 1602(aa)(1), 1639(a)(1)." *Ibid.*

The version of HOEPA in effect on July 24, 2009 provided that a lender "shall not engage in a pattern or practice of extending credit to consumers under mortgages referred to in section 1602(aa) of this title based on the consumers' collateral without regard to the consumers' repayment ability, including the consumers' current and expected income, current obligations, and employment." 15 U.S.C. § 1639(h) (2009). Former 15 U.S.C. § 1602(aa) (designated as subsection

(bb)(1) in the current version of the statute) defined the mortgages covered by HOEPA as "a consumer credit transaction that is secured by the consumer's principal dwelling, other than a residential mortgage transaction, a reverse mortgage transaction, or a transaction under an open end credit plan, if (A) the annual percentage rate at consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities having comparable periods of maturity on the fifteenth day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor; (B) or the total points and fees payable by the consumer at or before closing will exceed the greater of (i) 8 percent of the total loan amount; or (ii) $400." 15 U.S.C. § 1602(aa)(1) (2009).

According to the complaint, the mortgage loan here appears to be a first lien on the plaintiffs' principal residence. Therefore, HOEPA provides the plaintiffs no relief. Moreover, a plaintiff must bring his action for damages under TILA "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The plaintiffs do not allege that the terms of their loan were concealed from them or that they otherwise discovered those offending terms sometime after the loan closing. The loan was made in 2009 and the case was not filed until 2102. The plaintiffs' affirmative TILA claim in barred by the one-year statute of limitations. *Coyer v. HSBC Mortg. Services, Inc.*, 701 F.3d 1104, 1109 (6th Cir. 2012).

The plaintiffs do not contest that their TILA claim is out of time; instead they make reference in their complaint to "Section 1413 of the Dodd-Frank Act," to be codified at 15 U.S.C. § 1640(k), and argue that their TILA claim can be interposed as a defense to the foreclosure proceeding, citing *McCoig Materials, LLC v. Galui Const., Inc.*, 295 Mich. App. 684, 695, 818 N.W.2d 410, 417 (2012) ("[t]he expiration of a limitations period does not prevent the defendant from raising a

-7-

recoupment defense as long as the plaintiff's action is timely").  The statute upon which the plaintiffs

rely reads: "This subsection does not bar a person from asserting a violation of this subchapter in

an action to collect the debt which was brought more than one year from the date of the occurrence

of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise

provided by State law."   15 U.S.C. § 1640(e).  The defense of setoff and recoupment is recognized

by Michigan law.  *Smith v. Erla*, 317 Mich. 109, 112, 26 N.W.2d 728, 729 (1947).  However, under

both Michigan law and the terms of section 1640(e), recoupment is a "defense" that applies to "an

action to collect a debt," which the present action is not.  *See Mudge v. Macomb Co.*, 458 Mich. 87,

106-07, 580 N.W.2d 845, 855 (1998) (stating that "[r]ecoupment is 'a doctrine of an intrinsically

defensive nature founded upon an equitable reason, inhering in the same transaction, why the

plaintiff's claim in equity and good conscience should be reduced'" (quoting *Pennsylvania R. Co.*

*v. Miller*, 124 F.2d 160, 162 (5th Cir. 1941))).  The defendants have sought no affirmative relief in

this case.  Therefore, the plaintiffs' attempt to interpose TILA as a defense is unavailing.

### B. Count II — Violation of Mich. Comp. Laws § 600.3205a

The plaintiffs allege that the defendant failed to comply with "the spirit and the letter" of the

Michigan loan modification statute because it did not negotiate in good faith with them to try to

work out a mortgage modification.  The Michigan loan modification statute has been amended

several times since it was passed.  The statutory loan modification scheme has also been repealed

effective as of June 30, 2013. Mich. Comp. Laws § 600.3205e.  However, at the time the notice in

this case was sent, the statutory loan modification process was still in effect.

Under the Michigan statutory foreclosure scheme in effect as of July 20, 2012, a party may

not begin foreclosure by advertisement proceedings if any of the following apply:

-8-

(a) Notice has not been mailed to the mortgagor as required by section 3205a.

(b) After a notice is mailed to the mortgagor under section 3205a, the time for the mortgagor to request, either directly or through a housing counselor, a meeting with the person designated under section 3205a(1)(c) under section 3205b has not expired.

(c) Within 30 days after a notice is mailed to the mortgagor under section 3205a, the mortgagor has requested a meeting under section 3205b with the person designated under section 3205a(1)(c) and 90 days have not passed after the notice was mailed. This subdivision does not apply if the mortgagor has failed to provide documents as required under section 3205b(2).

(d) Documents have been requested under section 3205b(2) and the time for producing the documents has not expired.

(e) The mortgagor has requested a meeting under section 3205b with the person designated under section 3205a(1)(c), the mortgagor has provided documents as required under section 3205b(2), and the person designated under section 3205a(1)(c) has not met or negotiated with the mortgagor under this chapter.

(f) The mortgagor and mortgagee have agreed to modify the mortgage loan and the mortgagor is not in default under the modified agreement.

(g) Calculations under section 3205c(1) show that the mortgagor is eligible for a loan modification and foreclosure under this chapter is not allowed under section 3205c(7).

Mich. Comp. Laws § 600.3204(4) (2011).  The notice under section 3205a must include "a list of housing counselors prepared by the Michigan state housing development authority,"  Mich. Comp. Laws § 600.3205a(1)(h) (2011), and "[t]he names, addresses, and telephone numbers of the mortgage holder, the mortgage servicer, or any agent designated by the mortgage holder or mortgage servicer." Mich. Comp. Laws § 600.3205a(1)(b) (2011).

A borrower who wants to exercise the right to request a loan modification must "either contact the person designated under section 3205a(1)(c) directly or contact a housing counselor from the list provided under section 3205a." Mich. Comp. Laws § 600.3205b(1) (2011). "After being contacted by a borrower under this subsection and within 30 days after the notice under section

-9-

3205a is mailed to the borrower, the housing counselor shall inform the person designated under section 3205a(1)(c) in writing of the borrower's request." Mich. Comp. Laws § 600.3205b(1) (2011). "After being informed that a borrower wishes to meet under this section, a person designated under section 3205a(1)(c) shall schedule a meeting with the borrower to attempt to work out a modification of the mortgage loan." Mich. Comp. Laws § 600.3205b(3) (2011).

If a borrower contacts a housing counselor or the lender's agent under section 3205b, but the process does not result in an agreement to modify the mortgage loan, the person designated under section 3205a(1)(c) must work with the borrower to determine whether the borrower qualifies for a loan modification. Mich. Comp. Laws § 600.3205c(1) (2011). If the "person designated under section 3205a(1)(c)" is required to work with the borrower, he "shall provide the borrower with . . . [a] copy of any calculations made under this section." *Id.* § 600.3205c(5). The statute requires that when a borrower is eligible for a loan modification, the mortgage holder may not pursue foreclosure by advertisement unless it offers the borrower a modification agreement and the borrower fails to accept it within 14 days. *Id.* § 600.3205c(7). If the mortgage holder begins foreclosure proceedings in violation of this statute, the borrower may bring suit to "convert the foreclosure proceeding to a judicial foreclosure." *Id.* § 600.3205c(8). However, conversion into judicial foreclosure is only available if "the court determines that the borrower participated in the process under section 3205b, a modification agreement was not reached, and the borrower is eligible for modification under subsection (1), and subsection (7) does not apply." *Ibid.*

Count II fails to state a valid claim because the plaintiffs do not allege that they met the requirements of the statute by requesting a meeting with the lender or a housing counselor within the 30 days allowed under the statute. Courts in this district have held that mortgagors may not seek

-10-

relief under section 600.3205c(8) unless they comply with the statutory requirements.  *See Tawfik v. BAC Home Loans Servicing, LP*, No. 11-12590, 2011 WL 6181441, at *4 (E.D. Mich. Dec. 13, 2011); *Galati v. Wells Fargo Bank*, No. 11-11487, 2011 WL 5178276, at *5 (E.D. Mich. Nov. 1, 2011); *Carl v. BAC Home Loans Servicing, LP*, No. 11-11255, 2011 WL 3203086, at *3 (E.D. Mich. July 27, 2011).   The conclusory allegation in the complaint that the plaintiff "demanded that the defendant comply with applicable Michigan law regarding mortgage foreclosure" contains no facts sufficient to raise a plausible claim that the plaintiffs requested a meeting with the lender representative or a housing counselor within 30 days after the notice was sent, and that the lender then improperly refused a meeting or did not evaluate their timely request for a modification as required under the statute.

Even if the defendant has a duty to complete the loan modification process and send a denial letter with the required calculations before the sheriff's sale, the statute limits the relief available to converting the foreclosure by publication proceeding into a judicial foreclosure. *Benford v. CitiMortgage, Inc.*, No. 11-12200, 2011 WL 5525942, at *5 (E.D. Mich. Nov. 14, 2011) ("The statute plainly requires the borrower to seek his remedy prior to the completion of the foreclosure sale, as it merely converts the proceeding into one of judicial foreclosure.  A borrower may not challenge a completed foreclosure sale under this statute."); *Lessl v. CitiMortgage, Inc.*, No. 11-10871, 2011 WL 4351673, at *6 (E.D. Mich. Sept. 16, 2011) (same).

### C.  Count III — Fraudulent Misrepresentation

The plaintiffs' entire fraud count reads as follows:

33.     On or about July 24, 2009, defendant provided materially false property value disclosures to plaintiffs.

-11-

34.     [S]aid representation was false when it was made or made recklessly without regard to whether [it was] true.

35.     The plaintiffs relied upon said representations.

36.     Plaintiffs have been damaged as a result of said reliance by having granted a mortgage on said property, paying costs, interest and other payments.

Compl. ¶ 33-36.

Federal pleading requirements govern actions commenced in or removed to federal court. *See Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335-36 (6th Cir. 1988). When alleging fraud in federal court, a party must state with particularity the circumstances constituting the fraud. Fed. R. Civ. P. 9(b); *see also Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010). The complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Indiana State Dist. Council of Laborers and Hod Carriers Pension and Welfare Fund v. Omnicare, Inc.*, 583 F.3d 935, 942-43 (6th Cir. 2009) (internal quotations and citation omitted). In addition, a party must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of [the other party]; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993) (internal quotations and citations omitted). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

The allegations in count III are just the sort of "formulaic recitation of the elements of a claim" condemned by the Supreme Court in *Twombly* and *Iqbal*, and the conclusory allegations in count III are not entitled to a presumption of truth on a motion to dismiss, because they contain no factual substance. Moreover, the complaint does not satisfy Rule 9(b), because although it alleges

-12-

that the "false property value disclosures" were made on July 24, 2009, it does not allege the place at which the disclosures were made, the person who made them, or any facts to explain why the disclosures were fraudulent. Finally, the complaint does not allege even in a conclusory manner that the defendant intended that the plaintiffs rely on the disclosures.

Count III fails to state a cognizable claim.

### D.  Count IV — Negligent Misrepresentation

Count IV, set out in paragraphs 38 through 41 of the complaint, contains the identical, threadbare allegations stated in the fraud count. The plaintiffs have failed to plead any factual substance to support this count and also have failed to plead the specific facts required by Rule 9(b). The Sixth Circuit has held that Rule 9(b) applies equally to a claim of negligent misrepresentation under Michigan law, where that claim is based on a "unified course of fraudulent conduct." *Smith v. Bank of America Corp.*, 485 F. App'x 749, 752 (6th Cir. 2012) (quoting *Hennigan v. Gen. Elec. Co.*, 09–11912, 2010 WL 3905770, at *14 (E.D. Mich. Sept. 29, 2010)). Here, the negligent misrepresentation claim apparently relies on exactly the same course of conduct, because it is just copied from the fraud count. Moreover, the plaintiffs could not prevail on a claim for negligent misrepresentation even if they adequately had pleaded one, because a lender does not owe a duty of care to a loan applicant. *Ulrich v. Fed. Land Bank of St. Paul*, 192 Mich. App. 194, 198-99, 480 N.W.2d 910, 912-13 (1991); *Mazur v. Washington Mut. Bank, F.A.*, No. 09-13371, 2011 WL 108926 (E.D. Mich. Jan. 10, 2011); *Noel v. Fleet Fin., Inc.*, 971 F. Supp. 1102, 1115 (E.D. Mich. 1997).

-13-

E.  Count V — "Injunctive Relief"

Although styled as a separate count, count V is simply a demand for injunctive relief and alleges no substantial cause of action.

III.

The plaintiffs repeat at several points in their response to the motion to dismiss that they would like an opportunity to amend their complaint if it is found wanting.  However, the plaintiffs have not filed a motion to amend, despite the fact that the case was removed to this Court on September 27, 2012, and the defendant filed its motion on December 4, 2012.   The plaintiffs had a right to amend their complaint within 21 days of receiving the defendant's motion that pointed out the defects.  *See* Fed. R. Civ. Pro. 15(a)(1)(B).  Moreover, the plaintiffs do not provide any factual substance in their response that suggests any amendment could animate the skeletal claims set forth in their complaint.  In this district, the party moving to amend the pleading must attach a copy of the proposed amended pleading to its motion, and the plaintiff has not filed any proposed amended complaint either with its response or otherwise. E.D. Mich. LR 15.1.  Normally, dismissal of the case at this point would be proper.  *Ohio Police & Fire Pension Fund v. Standard & Poor's Financial Services LLC*, 700 F.3d 829, 844 (6th Cir. 2012) (observing that "if a party does not file a motion to amend or a proposed amended complaint" in the district court, "it is not an abuse of discretion for the district court to dismiss the claims with prejudice" (quoting *CNH Am. LLC v. UAW*, 645 F.3d 785, 795 (6th Cir. 2011))).

Nonetheless, because the case is relatively new, and no prejudice would inure to the defendant, the Court will allow the plaintiffs to file a motion to amend their complaint.  If they chose

-14-

to file such a motion, it must comply with the Federal Rules of Civil Procedure and the applicable local rules.

IV.

The plaintiffs have not stated claims in any of the counts of their complaint for which relief may be granted.

Accordingly, it is **ORDERED** that the defendant's motion to dismiss [dkt. #3] is **GRANTED**.

It is further **ORDERED** that the plaintiffs may file a motion to amend their complaint **on or before February 18, 2013**.  If the plaintiffs do not file their motion within that time, the case will be dismissed with prejudice.

It is further **ORDERED** that the motion hearing scheduled for February 5, 2013 is **CANCELLED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   February 4, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 4  2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL

-15-